1 | Tyler J. Woods (State Bar No. 232464)
     twoods@trialnewport.com
2 | Richard H. Hikida (State Bar No. 196149)
     rhikida@trialnewport.com
3 | Scott J. Ferrell (State Bar No. 202091)
     sferrell@trialnewport.com
4 | **NEWPORT TRIAL GROUP**
   | A Professional Corporation
5 | 4100 Newport Place Dr., Suite 800
   | Newport Beach, CA  92660
6 | Tel: (949) 706-6464
   | Fax: (949) 706-6469
7 |
   | Attorneys for Plaintiff and Counter-Defendant
8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | THERMOLIFE INTERNATIONAL, LLC,    | Case No.  13cv04527 RGK(PLAx)

12 | Plaintiff,                                              | Hon. R. Gary Klausner

13 | vs.                                                       | **STIPULATED PROTECTIVE ORDER**

14 | DYMATIZE ENTERPRISES, LLC,             | **[FED. R. CIV. P. 26(c)]**

15 | Defendant

16 | DYMATIZE ENTERPRISES, LLC,             | **NOTE: CHANGES MADE BY THE COURT**

17 | Counter-Claimants,

18 | vs.

19 | THERMOLIFE INTERNATIONAL, LLC

20 | Counter-Defendant.

21

22

23

24

25

26

27

28

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff, Thermolife International, LLC and Defendant Dymatize Enterprises, LLC, through undersigned counsel, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action.

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary or private information (*e.g.*, financial statements, sales records, product formulas, trade secrets and corporate governance related documents) for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted as these types of documents are kept confidential by the parties for competitive reasons.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  The parties further acknowledge, as set forth in Section 13.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file materials under seal.

## 2.   GOOD CAUSE STATEMENT

The parties recognize that at least some of the documents and information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties.  Pursuant to discovery in this action, the parties anticipate producing documents, or portions thereof, and information containing "trade secret or other confidential research, development, or commercial information," as defined in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

The purpose of the parties' Proposed Protective Order is to protect the

confidentiality of such documents and information as much as practical during the litigation.  The parties agree that absent entry of the parties' Proposed Protective Order, or a protective order in a form substantially the same, there is a substantial risk that the documents and information disclosed pursuant to discovery in this action will be used for improper purposes and/or cause the disclosing party annoyance, embarrassment, oppression, or undue burden or expense.

**3.**     **<u>DEFINITIONS</u>**

3.1.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

3.2.   <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under Federal Rules of Civil Procedure 26(c).

3.3.   <u>Designated House Counsel</u>:  House Counsel who seeks access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

3.4   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

3.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.6.   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Outside Counsel of Record to serve as an expert witness or as a consultant in this action, (2) is not a past or a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's

competitor.

3.7. "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.8. "CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY" Information or Items: extremely sensitive "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items," disclosure of which to another Party or Non-Party or their House Counsel would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.9. House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11. Outside Counsel of Record: attorneys (as well as their support staff) who are not employees of a Party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

3.12. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

3.13. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

3.14. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

STIPULATED PROTECTIVE ORDER

3.15. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

3.16. <u>Receiving Party</u>:   a Party that receives Disclosure or Discovery Material from a Producing Party.

**4.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or counsel that might reveal Protected Material.   However, the protections conferred by this Stipulation and Order do not cover the following information (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosures to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.   Any use of Protected Material at trial shall be governed by a separate agreement or order.

**5.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.   Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable

law.

## 6.   **DESIGNATING PROTECTED MATERIAL**

6.1.   Exercise of Restraint and Reasonable Care in Designating Material for Protection.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2.   Manner and Timing of Designations.   Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g. paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "<u>CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY.</u>" After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     <u>for testimony given in deposition or in other non-dispositive pretrial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21days after its receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21-day period shall be covered by the provisions of this Stipulated

Protective Order.  Alternatively, for depositions, a Designating Party may specify, at the deposition or up to 21 days after its receipt of the transcript if that a period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designated Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)   for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."  If only a portion or portions of the information or item warrant

protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    Timing of Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time **within the discovery period established by the District Judge**.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    Meet and Confer.   A Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the bases for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order and shall request a pre-filing conference of counsel as required by Local Rule 37-1.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring in person or telephonically within 3 days of the date of service of notice.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has

1  engaged in this meet and confer process first or establishes that the Designating Party is

2  unwilling to participate in the meet and confer process in a timely manner.

3      7.3.  <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge

4  without court intervention, the Challenging Party shall file and serve a motion to retain

5  confidentiality under Civil Local Rule 37-2 within 21 days of initial notice of challenge

6  or within 14 days of the parties agreeing that the meet and confer process will not

7  resolve their dispute, whichever is earlier.  After the Designating Party has prevailed on

8  two such motions, the burden to move shifts to the Challenging Party in order to avoid

9  an abuse of the process, but the Designating Party still bears the burden of persuasion.

10  Each such motion must be accompanied by a competent declaration affirmative that the

11  movant has complied with the meet and confer requirements imposed in the preceding

12  paragraph.  Failure by the Designating Party to make such a motion including the

13  required declaration within 21 days (or 14 days, if applicable) shall automatically waive

14  the confidentiality designation for each challenged designation.   In addition, the

15  Challenging Party may file a motion challenging a confidentiality designation at any

16  time if there is good cause for doing so, including a challenge to the designations of a

17  deposition transcript or any portion as thereof.  Any motion brought pursuant to this

18  provision must be accompanied by a competent declaration affirming that the movant

19  has complied with the meet and confer requirements imposed by the preceding

20  paragraph.

21      The burden of persuasion in any such challenge proceeding shall be on the

22  Designation Party.  Frivolous challenges and those made for an improper purpose (e.g.,

23  to harass or impose unnecessary expenses and burdens on other parties) may expose the

24  Challenging Party to sanctions.   Unless the Designating Party has waived the

25  confidentiality designations by failing to file a motion to retain confidentiality as

26  described above, all parties shall continue to afford the material in question the level of

27  protection to which it is entitled under the Producing Party's designation until the court

28  rules on the challenge.

Any challenge to designation or disclosure must be made within the discovery period governing this Action.

## 8.   ACCESS TO AND USE OF PROTECTED MATERIAL

8.1.   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party, or by a Non-Party who agrees to be bound by this Order, in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15, below (FINAL DISPOSITION).   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

8.2.   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, and professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witness in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating party or ordered by the court.   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)     the author and named recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.3.   <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."</u>  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)     One Designated House Counsel of the Receiving Party (1) who has no involvement in decision-making relating to the marketing or sale of any product containing either an amino acid nitrate, an amino acid nitrite, or a composition containing a nitrate compound and/or a nitrite compound and an amino acid, (2) to

whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 8.4(a)(1), below have been followed;

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 8.4(a)(2), below, have been followed;

(d)     the court and its personnel;

(e)     court reporters, their staff, and professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)     the author and named recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.4     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.</u>

(a)(1)   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 8.3(b) first must make a written disclosure to the Designation Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any decision-making relating to the marking or sale of any product any product containing either an amino acid nitrate, an amino acid nitrite, or a

composition containing a nitrate compound and/or a nitrite compound and an amino acid.[2]

(a)(2)   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 8.3(c) first must make a written disclosure to the Designation Party that (1) sets forth the full name of the Expert and the city and state of his or her residence, (2) attaches a copy of the Expert's current *Curriculum Vitae*, and (3) identifies the Expert's current employer(s).

(b)   A Party that makes a disclosure and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within three (3) days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)   A Party that receives a timely written objection must meet and confer with the Designating party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided by Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

---

[2]  Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order must disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising decision-making responsibilities relating to the marketing or sale of any product any product containing either an amino acid nitrate, an amino acid nitrite, or a composition containing a nitrate compound and/or a nitrite compound and an amino acid.

STIPULATED PROTECTIVE ORDER

1  suggest any additional means that could be used to reduce that risk.  In addition, any

2  such motion must be accompanied by a competent declaration describing the parties'

3  efforts to resolve the matter by agreement (i.e., the extent and the content of the meet

4  and confer discussions) and setting forth the reasons advanced by the Designating Party

5  for its refusal to approve the disclosure.

6  In any such proceeding, the Party opposing disclosure to Designated

7  House counsel or the Expert shall bear the burden of proving that the risk of harm that

8  the disclosure would entail (under the safeguards proposed) outweighs the Receiving

9  Party's need to disclose the Protected Material to its Designated House Counsel or

10  Expert.

11  8.5  Disclosure of "CONFIDENTIAL – OUTSIDE COUNSELS' EYES

12  ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in

13  writing by the Designating Party, a Receiving Party may disclose any information or

14  item designated "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" only to:

15  (a)  the Receiving Party's Outside Counsel of Record in this

16  action, as well as employees of said Outside Counsel of Record to whom it is

17  reasonably necessary to disclose the information for this litigation and who have signed

18  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19  (b)  Experts of the Receiving Party (1) to whom disclosure is

20  reasonably necessary for this litigation and (2) who have signed the "Agreement to Be

21  Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in

22  paragraph 7.4(a)(2), above, have been followed;

23  (c)  the court and its personnel;

24  (d)  court reporters, their staff, and professional jury or trial

25  consultants, and Professional Vendors to whom disclosure is reasonably necessary for

26  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

27  (Exhibit A); and

28  (e)  the author or recipient of a document containing the

1  information or a custodian or other person who otherwise possessed or knew the

2  information.

3      **9.      PROSECUTION BAR**

4      Absent written consent from the Producing Party, any individual who actually

5  reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY AND SUBJECT

6  TO PROSECUTION BAR" information shall not be involved in the prosecution of

7  patents or patent applications claiming priority to U.S. Provisional Patent Application

8  Serial No. 60/973,229, including without limitation the '531 patent, and any patent or

9  patent application claiming priority to or otherwise related to such provisional

10  application and/or the '531 patent, before any foreign or domestic agency, including the

11  United States Patent and Trademark Office ("the Patent Office").  For purposes of this

12  paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or

13  otherwise affecting the scope or maintenance of patent claims.  "Prosecution" as used in

14  this paragraph, includes, for example, participating on behalf of the patentee in original

15  prosecution, reissue or reexamination proceedings, but does not include representing a

16  party challenging a patent before a domestic or foreign agency (including, but not

17  limited to, a reissue protest, ex parte reexamination or *inter partes*  reexamination).

18  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –

19  ATTORNEYS' EYES ONLY AND SUBJECT TO PROSECUTION BAR"

20  information is first received by the affected individual and shall end two (2) years after

21  final termination of this action.[3]

22      **10.      PROTECTED      MATERIAL      SUBPOENAED      OR      ORDERED**

23              **PRODUCED IN OTHER LITIGATION**

24      If a Receiving Party is served with a subpoena or an order issued in other

25  litigation that compels disclosure of any information or items designated in this action

26  _____

27  [3] The Prosecution Bar applies to individuals who actually review another party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY AND SUBJECT TO PROSECUTION BAR" documents or information pursuant to this Order, and, for example, does not include other attorneys in an individual's law firm who do not

28  actually review such materials.

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSDIE COUNSELS' EYES ONLY" that party must:

   (a)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

   (b)   promptly notify in writing party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

   (c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[4]

        If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY AND SUBJECT TO PROSECUTION BAR" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11.   A NON-PARTY'S PROECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITGATION

   (a)   Upon agreement by the Non-Party, the terms of this Order are

---

[4] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY AND SUBJECT TO PROSECUTION BAR." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[5]

---

[5] The purpose of this provision is to alter the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this a court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized  copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.   INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides the production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order admitted to the court.

**14.   MISCELLANEOUS**

14.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protective Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4   <u>Filing Protected Material</u>.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law and the application shows good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers portion(s) thereof subject to the sealing application shall be lodged under seal. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

Once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public,

including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the district judge in advance of the trial.

## 15.   <u>FINAL DISPOSITION</u>

Within sixty (60) days after the final disposition of this action, as defined in paragraph 5, each Receiving Party shall return all Protected Material to the Producing Party or destroy it.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designation Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other format of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even is such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

*[SIGNATURES ON FOLLOWING PAGE]*

STIPULATED PROTECTIVE ORDER

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 14, 2014                    NEWPORT TRIAL GROUP

                                         By:    /s/ Tyler Woods
                                                 Tyler Woods

                                         Attorneys for Plaintiff
                                         THERMOLIFE
                                         INTERNATIONAL, LLC

Dated: April 14, 2014                    GOODWIN PROCTOR LLP

                                         By:    /s/ Michael S. DeVincenzo
                                                 Michael S. DeVincenzo

                                         Attorney for Defendant
                                         DYMATIZE ENTERPRISES, LLC

### PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: April 14, 2014.          _____

                                        PAUL L. ABRAMS

                              UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type

full name], of _____[print or

type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District

Court for the Central District of California on _____ [date] in the case of

*Thermolife International LLC v. Dymatize Enterprises, LLC*, Case No. CV-13-04527-

RGK-(PLAx).  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint_____ [print or type full name] of

_____[print or type full address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____

Signature: _____

**STIPULATED PROTECTIVE ORDER**

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on April 14, 2014, I electronically filed the foregoing

3    **STIPULATED PROTECTIVE ORDER** with the Clerk of the Court using the

4    CM/ECF system which will send notification of such filing via electronic mail to all

5    counsel of record.

6

7                               */s/Tyler J Woods*

8                                Tyler J Woods

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE